FILED

MAR 26 2014

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Gustavo Romanello | ) | |
| | ) | Case No. 5:14-CV-177-FL |
| Vs. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Capital One Bank (USA), N.A. | ) | |

COMPLAINT FOR VIOLATIONS OF THE FCRA 15 U.S.C. sec. 1681 et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. sec. 1681p of the Fair Credit Reporting Act (hereinafter "FCRA"), and 28 U.S.C. sec. 1331
2. Venue is proper in the Eastern District of North Carolina.
3. The occurrences which give rise to this action occurred in Wake county, NC and Plaintiff resides in Knightdale, Wake county, NC.

## PARTIES

4. Gustavo Romanello (hereinafter "Plaintiff") is a natural person and is a resident of North Carolina.
5. Defendant Capital One Bank (USA), N.A. (hereinafter "Cap One") with address at 1680 Capital One Drive, McLean, VA 22102, is governed under the law by

the FCRA and also reports accounts to the national credit reporting agencies, i.e. Equifax, Experian and TransUnion.

## FACTUAL ALLEGATIONS

6. Plaintiff yearly requests a copy of his consumer credit reports from the three credit reporting agencies and after disputing some entries in his report, on March 23, 2012 received a reinvestigation response letter from Experian, and discovered violations by Defendant Cap One in the form of a deleted inquiry, an admission of not having a permissible purpose, see Exh. A-B
7. Plaintiff was dismayed when he discovered more violations checking other credit reports, when he, in fact, did not have any business with Defendant.
8. Plaintiff had filed for bankruptcy effective August 3, 2009 and cut all his credit cards.
9. Defendant had no reason to pull Plaintiff's credit reports, there was no business relationship between them after the bankruptcy, in 2010 and 2011.
10. Cap One violations were done without a permissible purpose, in violation of FCRA 15 U.S.C. sec. 1681b, thereby reducing Plaintiff's credit score.
11. Plaintiff found violations on 06/08/2011, 06/09/2011, 05/12/2011, 05/24/2011 on Experian, see Exh. C
12. On Equifax on 02/02/2011 and 06/08/2011, see Exh. D
13. On TransUnion on 06/08/2011, see Exh. E
14. Discovery of the violations brought forth herein are within the statute of limitations as defined in the FCRA, 15 U.S.C. 1681p.

## COUNT I
VIOLATIONS OF THE FCRA, 15 U.S.C. sec. 1681
WILLFUL NON-COMPLIANCE BY DEFENDANT CAP ONE

15. Plaintiff realleges above paragraphs incorporated herein by reference.

16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. sec. 1681a(c)
17. Equifax, Experian and TransUnion are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. sec. 1681a(f)
18. Cap One is a furnisher of information within the meaning of the FCRA, 15 U.S.C. sec. 1681s-2.
19. Cap One willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
    a) Cap One willfully violated 15 U.S.C sec. 1681b(f) by obtaining Plaintiff's consumer reports without a permissible purpose as defined by 15 U.S.C. sec. 1681b.

WHEREFORE, Plaintiff demands judgment for damages against Cap One for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. sec. 1681n.

## COUNT II
## VIOLATION OF THE FCRA, 15 U.S.C. sec. 1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT CAP ONE

20. Plaintiff realleges above paragraphs incorporated herein by reference.
21. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. sec. 1681a(c)
22. Cap One is a furnisher of information within the meaning of the FCRA, 15 U.S.C. sec. 1681s-2
23. Cap One negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:
    a) Cap One negligently violated 15 U.S.C. sec. 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. sec. 1681b.

WHEREFORE, Plaintiff demands judgment for damages against Cap One for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. sec. 1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

March 20, 2014

Respectfully submitted, *[signature: Gustavo Romanello]*

Gustavo Romanello

5317 Cottage Bluff Ln.

Knightdale, NC 27545

919-649-4494

tangogaucho@gmail.com

# VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned COMPLAINT and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the ___ day of March, 2014

_____
Gustavo Romanello

NOTARY PUBLIC

Sworn to and subscribed:

Gustavo Ramanello
_____

My Commission expires:

March 25 2017

State of NC County of Wake
Subscribed and sworn before me on 3/20/14
(Date)
(Notary Signature)

JACKLYNNE MAY
NOTARY PUBLIC
WAKE COUNTY, NC
MY COMMISSION EXPIRES MARCH 25, 2017