A

127 S.Ct. 2197 (2007)

# William ERICKSON, Petitioner,
# v.
# Barry J. PARDUS et al.

No. 06-7317.

Supreme Court of United States.

Decided June 4, 2007.

PER CURIAM.

Imprisoned by the State of Colorado and alleging violations of his Eighth and Fourteenth Amendment protections against cruel and unusual punishment, William **Erickson**, the petitioner in this Court, filed suit against prison officials in the United States District Court for the District of Colorado. He alleged that a liver condition resulting from hepatitis C required a treatment program that officials had commenced but then wrongfully terminated, *2198 with life-threatening consequences. Deeming these allegations, and others to be noted, to be "conclusory," the Court of Appeals for the Tenth Circuit affirmed the District Court's dismissal of petitioner's complaint. 198 Fed.Appx. 694, 698 (2006). The holding departs in so stark a manner from the pleading standard mandated by the Federal Rules of Civil Procedure that we grant review. We vacate the court's judgment and remand the case for further consideration.

Petitioner was incarcerated in the Limon Correctional Facility in Limon, Colorado, where respondents Barry **Pardus** and Dr. Anita Bloor were working as prison officials. After Dr. Bloor removed petitioner from the hepatitis C treatment he had been receiving, petitioner sued under 42 U.S.C. § 1983, complaining, *inter alia*, that Dr. Bloor had violated his Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs. See, *e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference. . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" (footnotes and internal quotation marks omitted)); see also *Helling v. McKinney*, 509 U.S. 25, 35-37, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Petitioner based his claim on the following allegations, which we assume to be true for purposes of review here: Officials at Colorado's Department of Corrections (Department) diagnosed petitioner as requiring treatment for hepatitis C. After completing the necessary classes and otherwise complying with the protocols set forth by the Department, petitioner began treatment for the disease. The treatment, which would take a year to complete, involved weekly self-injections of medication by use of a syringe. Soon after petitioner began this treatment, prison officials were unable to account for one of the syringes made available to petitioner (and other prisoners) for medical purposes. Upon searching, they found it in a communal trash can, modified in a manner suggestive of use for injection of illegal drugs. Prisoner Complaint in Civ. Action No. 05-CV-00405-LTB-MJW (D.Colo.), p. 3 (hereinafter Petitioner's Complaint).

Prison officials, disbelieving petitioner's claim not to have taken the syringe, found that his conduct constituted a violation of the Colorado Code of Penal Discipline for possession of drug paraphernalia. Letter from Anthony A. DeCesaro to William **Erickson** (Sept. 30, 2004), attached to Petitioner's Complaint. This conduct, according to the officials, led to the "reasonable inference" that petitioner had intended to use drugs, so the officials removed petitioner from his hepatitis C treatment. *Ibid.* "The successful treatment of Hepatitis C is incumbent upon the individual remaining drug and alcohol free to give the liver a better chance of recovery," they indicated, *ibid.*, an explanation they

later offered to defend against petitioner's allegations of cruel and unusual punishment, see Defendants' Motion to Dismiss in Civ. Action No. 05-CV-00405-LTB-MJW, p. 10. Assuming that a person in the course of this treatment takes illicit drugs, the prison's protocol mandates a waiting period of one year followed by a mandatory drug education class lasting six months. Brief in Opposition 4. Petitioner therefore could face a delay of some 18 months before he would be able to restart treatment.

2199 *2199 In his complaint petitioner alleged Dr. Bloor had "removed [him] from [his] hepatitis C treatment" in violation of department protocol, "thus endangering [his] life." Petitioner's Complaint 2. Petitioner attached to the complaint certain grievance forms. In these he claimed, among other things, he was suffering from "continued damage to [his] liver" as a result of the nontreatment. Colorado Dept. of Corrections Offender Grievance Form (June 30, 2004). The complaint requested relief including damages and an injunction requiring that the Department treat petitioner for hepatitis C "under the standards of the treatment [protocol] established by [the Department]." Petitioner's Complaint 8.

Three months after filing his complaint, and well before the District Court entered a judgment against him, petitioner filed a Motion for Expedited Review Due to Imminent Danger, in Civ. Action No. 05-B-405 (MJW) (D.Colo.). Indicating it was "undisputed" that he had hepatitis C, that he met the Department's standards for treatment of the disease, and that "furtherance of this disease can cause irreversible damage to [his] liver and possible death," petitioner alleged that "numerous inmates" in his prison community had died of the disease and that he was "in imminent danger" himself "due to [the Department's] refusal to treat him." *Ibid.* He had identified similar allegations in an earlier filing, explaining that "his liver is suffering irreversible damage" due to the decision to remove him from treatment and that he "will suffer irreparable damage if his disease goes untreated." Plaintiff's Objections to the Magistrate's Recommendations in Civ. Action No. 05-CV-00405-LTB-MJW, p. 3.

Respondents answered these filings with a motion to dismiss. The Magistrate Judge recommended, as relevant, that the District Court dismiss the complaint on the ground it failed to allege Dr. Bloor's actions had caused petitioner "substantial harm." Recommendation on Defendants' Motion To Dismiss, p. 12. The District Court issued a short order indicating its agreement with the Magistrate Judge and dismissing the complaint.

The Court of Appeals affirmed. It quoted extensively from the Magistrate Judge's discussion of "substantial harm" before holding that petitioner had made "only conclusory allegations to the effect that he has suffered a cognizable independent harm as a result of his removal from the [hepatitis C] treatment program." 198 Fed.Appx., at 698. Acknowledging decisions by courts that have found Eighth Amendment violations when delays in medical treatment have involved "life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems" (and that have, moreover, indicated the Eighth Amendment "protects against future harm to an inmate"), *id.,* at 697 (internal quotation marks omitted), the court nevertheless found petitioner's complaint deficient: Petitioner had, according to the court, failed to "allege that as a result of the discontinuance of the treatment itself shortly after it began or the interruption of treatment for approximately eighteen months he suffered any harm, let alone substantial harm, [other] than what he already faced from the Hepatitis C itself," *id.,* at 698 (internal quotation marks omitted). Having reached this conclusion, the court saw no need to address whether the complaint alleged facts sufficient to support a finding that Dr. Bloor had made her decisions with a "sufficiently culpable state of mind." *Id.,* at 697, 698 (internal quotation marks omitted).

2200 It may in the final analysis be shown that the District Court was correct to grant respondents' motion to dismiss. *2200 That is not the issue here, however. It was error for the Court of Appeals to conclude that the allegations in question, concerning harm caused petitioner by the termination of his medication, were too conclusory to establish for pleading purposes that petitioner had suffered "a cognizable independent harm" as a result of his removal from the hepatitis C treatment program. *Id.,* at 698.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ___, ___, 127 S.Ct.

Case 5:14-cv-00177-FL   Document 16-2   Filed 06/16/14   Page 2 of 3

1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at ___, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The complaint stated that Dr. Bloor's decision to remove petitioner from his prescribed hepatitis C medication was "endangering [his] life." Petitioner's Complaint 2. It alleged this medication was withheld "shortly after" petitioner had commenced a treatment program that would take one year, that he was "still in need of treatment for this disease," and that the prison officials were in the meantime refusing to provide treatment. *Id.,* at 3, 4. This alone was enough to satisfy Rule 8(a)(2). Petitioner, in addition, bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings.

The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is "to be liberally construed," *Estelle,* 429 U.S., at 106, 97 S.Ct. 285, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Whether petitioner's complaint is sufficient in all respects is a matter yet to be determined, for respondents raised multiple arguments in their motion to dismiss. In particular, the proper application of the controlling legal principles to the facts is yet to be determined. The case cannot, however, be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue. Certiorari and leave to proceed *in forma pauperis* are granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Justice SCALIA would deny the petition for a writ of certiorari.

Justice THOMAS, dissenting.

I have repeatedly stated that the Eighth Amendment's prohibition on cruel and unusual punishment historically concerned only injuries relating to a criminal sentence. *Farmer v. Brennan,* 511 U.S. 825, 861, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) *2201 (opinion concurring in judgment); *Helling v. McKinney,* 509 U.S. 25, 42, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (dissenting opinion); *Hudson v. McMillian,* 503 U.S. 1, 18-20, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (dissenting opinion). But even applying the Court's flawed Eighth Amendment jurisprudence, "I would draw the line at actual, serious injuries and reject the claim that exposure to the *risk* of injury can violate the Eighth Amendment." *Helling, supra,* at 42, 113 S.Ct. 2475 (THOMAS, J., dissenting). Consistent with these views, I would affirm the judgment of the Court of Appeals. I respectfully dissent.

**Save trees - read court opinions online on Google Scholar.**