IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 5:14-cv-0177-FL |
| ) | |
| CAPITAL ONE BANK (USA), N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

# DEFENDANT'S REPLY
# IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Capital One Bank (USA), N.A. ("Capital One") hereby responds as follows to Plaintiff's Response to Defendant's Motion to Dismiss ("Response"):

**I. PLAINTIFF HAS NOT MEANINGFULLY DISTINGUISHED HIS COMPLAINT FROM THE MULTITUDE OF SIMILAR COMPLAINTS DISMISSED FOR FAILURE TO PLEAD SUFFICIENT FACTS.**

In its Opening Brief, Capital One identified a string of recent decisions by U.S. District Courts in North Carolina dismissing FCRA claims resting on similar allegations as Plaintiff's. Plaintiff, implicitly acknowledging the difficulties these cases present for his claim, devotes his Response to attempting to distinguish them, contending that *his pro se* status and prior bankruptcy dictate a different result here. These arguments fail to provide any justification for straying from the long line of cases dismissing similar claims.

Plaintiff cites *Erickson v. Pardus* for the proposition that a *pro se* complaint should be held to "less stringent standards than formal pleadings drafted by lawyers." 551 U.S. 89, 94 (2007). (Response, at 2.) Critically, the Fourth Circuit does not read

1

*Erickson* "to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions." *Giarrantano v. Johnson,* 521 F.3d 298, 304 n.5 (4th Cir. 2008). Indeed, the majority of the dismissed FCRA cases cited in Capital One's opening brief were filed by *pro se* plaintiffs.[1] These courts did not consider the plaintiffs' *pro se* status to relieve them of their threshold obligation to state a claim for relief that was plausible on its face, and this Court should not either.

Plaintiff also points to procedural differences between this case and certain cases cited in Capital One's Opening Brief, but fails to identify any meaningful distinction dictating a different result here. (Response, at 2.) For example, Plaintiff notes that in *King*, the defendant contended that the plaintiff failed to obtain adequate service of process. 2013 U.S. Dist. LEXIS 80986, at *2. In that case, however, the court expressly rejected the defendant's inadequate service argument, and instead dismissed the case on the basis of plaintiff's insufficient pleading. *Id.* at *4, *10. Thus, the question of whether the plaintiff in *King* properly served the defendant had no bearing on the dismissal. Similarly, Plaintiff notes that in certain cases cited by Capital One, the plaintiff failed to appear for a hearing or file a responsive pleading. (Response, at 2.) Plaintiff simply ignores other cases cited in the Opening Brief where no such failure occurred. *See, e.g., Holloman v. Smith Debnam Drake Saintsing & Myers, LLP,* 2014 U.S. Dist. LEXIS 39073, at *4, *8 (M.D.N.C. Mar. 25, 2014) (dismissing FCRA complaint for failure to state a claim even though the plaintiff appeared at a hearing and filed an amended complaint as the court instructed); *Gibbons,* 2013 U.S. Dist. LEXIS 136738, at *4-5

---

[1] *See, e.g., Keith v. Midland Credit Mgmt.,* 2014 U.S. Dist. LEXIS 47438 (M.D.N.C. Apr. 7, 2014); *Gibbons v. GC Servs., LLC,* 2013 U.S. Dist. LEXIS 136738 (E.D.N.C. Sept. 23, 2013); *James v. Paragon Revenue Group,* 2013 U.S. Dist. LEXIS 89430 (M.D.N.C. June 26, 2013); *King v. Equable Ascent Fin., LLC,* 2013 U.S. Dist. LEXIS 80986 (M.D.N.C. June 10, 2013).

(dismissing FCRA claim without indicating that the plaintiff failed to appear for a hearing or file a responsive brief).

Finally, Plaintiff does not establish a claim for relief simply by attaching his bankruptcy discharge to his Response. (Response, at 3.) As a threshold matter, a plaintiff may not amend his complaint "by raising new allegations in [a] response to a Rule 12(b)(6) motion." *Bryan v. Wells Fargo Bank,* 861 F. Supp. 2d 646, 653 (E.D.N.C. 2012). More fundamentally, even if any debt Plaintiff owed Capital One prior to 2009 was discharged by his bankruptcy, this has no impact on the numerous permissible purposes under the FCRA for obtaining a consumer's credit report unrelated to debt collection. *See* 15 U.S.C. § 1681b(a)(1)-(3); *King,* 2013 U.S. Dist. LEXIS 80986, at *9 (dismissing complaint and noting that plaintiff did allege "some facts which specifically disclaim some of the permissible purposes in the statute, but there are several other common permissible purposes as to which the complaint is silent").

In short, Plaintiff's Response fails to provide the Court with any reason to depart from the slew of decisions dismissing similar FCRA complaints. As in those cases, Plaintiff's Complaint here offers only conclusory assertions and recitations of the elements of an FCRA claim, and is therefore inadequate under *Iqbal* and *Twombly*.

II. **PLAINTIFF'S ADMISSION THAT HE ONLY SEEKS STATUTORY DAMAGES FURTHER DEMONSTRATES HIS FAILURE TO STATE A CLAIM.**

Although Plaintiff's Complaint seeks "actual or statutory damages," his Response states, "Plaintiff is not asking for actual damages but he is entitled to statutory damages." (Response, 2.) Plaintiff's abandonment of any claim for actual damages further demonstrates that dismissal is proper.

To recover statutory damages under the FCRA, a plaintiff must establish the defendant "willfully" failed to comply with the statute. 15 U.S.C. § 1681n; *King,* 2013 U.S. Dist. LEXIS 80986, at *5; *see also Pyle v. First Nat'l Collection Bureau,* 2012 U.S. Dist. LEXIS 56737, at *11 (E.D. Cal. Apr. 20, 2012) ("Here, Plaintiff would have to allege a factual basis to show that Defendant acted willfully in violation of the FCRA to establish a claim for statutory damages."). Conclusory allegations of willful misconduct are not enough. *Pyle,* 2012 U.S. Dist. LEXIS 56737, at *12. Moreover, factual allegations that establish nothing more than a "mere possibility of a violation of the FCRA" are insufficient to support an assertion that the defendant's conduct was "willful." *Boston v. Client Servs. of Mo., Inc.,* 2013 U.S. Dist. LEXIS 157688, at *8 (W.D.N.C. Nov. 1, 2013). For the reasons stated in Capital One's Opening Brief, Plaintiff has failed to establish *any* violation of the FCRA, must less a willful one as required for the recovery of statutory damages.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

This 3rd day of July, 2014.

s/ R. Locke Beatty
R. Locke Beatty
North Carolina Bar No. 38020
201 N. Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 343-2244 (Telephone)
(704) 353-6160 (Facsimile)
lbeatty@mcguirewoods.com
*Attorney for Capital One Bank (USA), N.A.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 5:14-cv-0177-FL |
| ) | |
| CAPITAL ONE BANK (USA), N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2014, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via ECF and will also be served via First-Class Mail, postage prepaid, addressed to:

Gustavo Romanello
5317 Cottage Bluff Lane
Knightdale, NC 27545
Plaintiff Pro Se

                                                      s/ R. Locke Beatty
                                                      R. Locke Beatty