# EXHIBIT 1

# APPENDIX

1-1. *Pyle v. First Nat'l Collection Bureau*
2012 U.S. Dist. LEXIS 56737

1-2. *Boston v. Client Servs. of Mo., Inc.*
2013 U.S. Dist. LEXIS 157688

# EXHIBIT 1-1



**RONALD G. PYLE II, Plaintiff, v. FIRST NATIONAL COLLECTION BUREAU, Defendant.**

**CASE NO. 1:12-cv-00288-AWI-SKO**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

*2012 U.S. Dist. LEXIS 56737*

**April 20, 2012, Decided**
**April 23, 2012, Filed**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at *Pyle v. First Nat'l Collection Bureau, 2012 U.S. Dist. LEXIS 160544 (E.D. Cal., Nov. 7, 2012)*

**COUNSEL:** [*1] Ronald G. Pyle, II, Plaintiff, Pro se, Turlock, CA.

**JUDGES:** Sheila K. Oberto, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** Sheila K. Oberto

**OPINION**

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND**

(Docket No. 1)

**I. INTRODUCTION**

On February 27, 2012, Plaintiff Ronald G. Pyle II ("Plaintiff") filed this action against Defendant First National Collection Bureau ("Defendant"). For the reasons set forth below, Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice and Plaintiff is granted leave to amend.

**II. FACTUAL BACKGROUND**

Plaintiff brings this complaint pursuant to *Title 15 U.S.C. Section 1681* for violation of the Fair Credit Reporting Act ("FCRA"). (Doc. 1.) Plaintiff alleges that in July 2011, he received his credit report from TransUnion, a major credit-reporting agency, and "discovered an entry by an entity that was unknown within the credit report." (Doc. 1, ¶ 12.) Upon examination, Plaintiff determined that Defendant "had obtained Plaintiff's private consumer credit report" in November 2009 "without [Plaintiff's] expressed consent or permissible purpose." (Doc. 1, ¶ 13 (emphasis omitted).)

Plaintiff alleges that Defendant was "in violation of the FCRA, *15 U.S.C. § 1681b*[,] by obtaining Plaintiff's [*2] credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, none of the specific and strictly limited circumstances granting permissible purpose under *section 1681b* applied to Defendant." (Doc. 1, ¶ 15 (emphasis omitted).) Plaintiff alleges one count for violation of the FCRA through "willful non-compliance" by Defendant, and seeks statutory damages in the amount of $1,000 and costs. (Doc.1, p. 4, ¶¶ 17-24.)

**III. DISCUSSION**

**A. Screening Requirement**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *28 U.S.C. § 1915(e)(2)*. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)* (en banc).

**B. Legal Standard [*3] for Screening**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under *Federal Rule of Civil Procedure 8(a)*. Under *Rule 8(a)*, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. "[T]he pleading standard *Rule 8* announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly, 550 U.S. at 557*). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly, 550 U.S. at 557*). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the [*4] elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly, 550 U.S. at 555*).

**C. Plaintiff Fails to Plead a Valid Claim for Violation of the FCRA**

Plaintiff alleges that Defendant willfully violated the FCRA by accessing his credit report without his express consent or a permissible purpose. (Doc. 1, ¶¶ 13, 15, 17-24.) As such, Plaintiff seeks statutory damages in the amount of $1,000.

**1. Legal Standard**

Under the FCRA, "civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." *Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985)* (citing *15 U.S.C. §§ 1681n* and *1681o*). "The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in *§ 1681b*." *Hinkle v. CBE Grp., No. CV 311-091, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *2, (S.D. Ga. Feb. 3, 2012)* (citation omitted).

*Section 1681b(f)* provides as follows:

> A person shall not use or obtain a consumer report for any purpose unless-
>
> (1) the consumer report is obtained for a purpose for which the [*5] consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with *section 1681e* of this title by a prospective user of the report through a general or specific certification. [1]

*15 U.S.C. § 1681b(f)*.

1 *Section 1681e* defines the procedures for certification. "These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." *15 U.S.C. § 1681e(a)*.

The FCRA defines a consumer report as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under *section 1681b* of this title.

*15 U.S.C. § 1681a(d)(1)*.

*Section 1681b(a)* [*6] provides the circumstances under which "any consumer reporting agency may furnish a consumer report." In relevant part, these circumstances include furnishing a report to a person to which the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *15 U.S.C. § 1681b(a)(3)(A)*.

Other permissible purposes under *Section 1681b(a)* for which a consumer report may be issued include in

response to a court order, pursuant to written instructions of the consumer, for employment purposes, in relation to underwriting of insurance, for determination for eligibility for a license, for assessment of risk for an existing credit obligation, in relation to legitimate business needs initiated by the consumer, to review an account or to determine if the consumer meets the terms of the account, for the issuance of government sponsored travel charge cards, in relation to requests related to State or local child support enforcement, to an agency administrating a State plan under *42 U.S.C. § 654,* [*7] and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent. *15 U.S.C. § 1681b(a)(1)-(6).*

**2. Plaintiff Fails to Establish that Defendant's Conduct Was Impermissible Under the FCRA**

Plaintiff alleges that Defendant violated the FCRA "by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, none of the specific and strictly limited circumstances granting permissible purpose under *section 1681b* applied to Defendant." (Doc. 1, ¶ 15 (emphasis omitted).) Plaintiff's allegations fail to establish that Defendant's conduct was impermissible under the FCRA.

Plaintiff asserts claims against Defendant First National Collection Bureau, Inc. (Doc. 1, p. 1.) Based on Defendant's name, Defendant appears to be a collection agency. A collection agency is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt. *See 15 U.S.C. § 1681b(a)(3)(A).* "[O]ne of the 'permissible purposes' for obtaining a consumer report under *15 U.S.C. § 1681b(a)(3)(A)* would permit a collection agency retained by a creditor to collect [*8] on an account of the consumer." *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at * 3; see also Chavez v. Premier Bankcard, LLC, No. 1:11-cv-01101 LJO GSA, 2011 U.S. Dist. LEXIS 129251, 2011 WL 5417107, at * 3 (E.D. Cal. Nov. 8, 2011).* "Thus, if a collection agency - which Defendant appears to be . . . - is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor." *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at * 3.* Defendant's alleged actions thus appear to be permissible.

Further, Plaintiff's allegation that he "never at anytime had any business dealing or accounts with the Defendant" fails to establish that Defendant's activities were impermissible. (Doc. 1, ¶ 22.) "[I]t is not necessary for Plaintiff to have had direct dealings with Defendant" in order for the Defendant to lawfully obtain a consumer report. *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *3.* Provided that Defendant obtained Plaintiff's consumer report "in conjunction with its collection activities," Defendant acted with a permissible purpose under the FCRA. *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *3;* [*9] *see also 15 U.S.C. § 1681b(a)(3)(A).*

As Defendant appears to be a collection agency, Plaintiff's conclusory allegations fail to sufficiently set forth facts to establish that Defendant violated the FCRA. Plaintiff fails to establish that Defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity. Accordingly, Defendant, as a collection agency, appears to have acted with a permissible purpose under the FCRA.

**3. Plaintiff's Conclusory Allegations Fail to Establish Sufficient Facts that Defendant Violated the FCRA**

Even assuming that Defendant's conduct was not permitted under the FCRA, Plaintiff's complaint only provides conclusory statements that Defendant violated *15 U.S.C. § 1681b* by obtaining Plaintiff's consumer report without a permissible purpose. (Doc. 1, ¶¶ 13, 15, 24.) Plaintiff has not provided a factual basis to support his claim. Plaintiff merely concludes that, because Plaintiff did not owe Defendant any debt and Defendant purportedly obtained a copy of Plaintiff's credit report, Defendant was in "willful violation of the FCRA." (Doc. 1, ¶¶ 16, 24.)

Plaintiff's conclusory statements [*10] and "allegations with respect to *section 1681b* do not contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Chavez, 2011 U.S. Dist. LEXIS 129251, 2011 WL 5417107, at *3* (citing *Iqbal, 129 S. Ct. at 1949*); *see also Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *3* (recommending dismissal after screening due to the plaintiff's failure to provide "specific factual allegations . . . or set forth necessary details concerning how actions undertaken by [the defendant] may have violated the FCRA"). Merely "stating the legal conclusion that Defendant[] acted . . . wilfully" but failing to provide "any factual basis to support these causes of action" is insufficient. *Chavez, 2011 U.S. Dist. LEXIS 129251, 2011 WL 5417107, at *4* (citing *Iqbal, 129 S. Ct at 1949-50.*)

Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis for those assertions, does not sufficiently state a claim. As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal, 129 S. Ct. at 1949* (quoting *Twombly, 550 U.S. at 555*).

**4. Plaintiff's Conclusory Allegations Fail to Establish Willfulness Necessary for Damages**

Even if Plaintiff had provided a factual [*11] basis to support his assertions, Plaintiff fails to allege causation and damages necessary to state a viable claim for violations of the FCRA. *See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1173-74 (9th Cir. 2009)*; *VanDyke v. Northern Leasing System, Inc., No. CIV.S. 07-1877 FCD GGH PS, 2009 U.S. Dist. LEXIS 95757, 2009 WL 3320464, at *4 (E.D. Cal. Oct. 14, 2009)*. Plaintiff asserts a cause of action for Defendant's "willful non-compliance" with the FCRA. (Doc. 1, ¶¶ 17-24.) For willful violations of the FCRA, "the court may award either actual damages or statutory damages which range from $100 to $1000 per consumer, as well as punitive damages, costs, and attorney fees for willful violations of the statute. See, *15 U.S.C. § 1681n(a)*." *Chavez, 2011 U.S. Dist. LEXIS 129251, 2011 WL 5417107, at *4*. However, "a plaintiff must affirmatively prove that he is entitled to these damages." *Id.* (citing *Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d 603, 610 (7th Cir.2005))*. Here, Plaintiff would have to allege a factual basis to show that Defendant acted willfully in violation of the FCRA to establish a claim for statutory damages.

As noted above, Plaintiff only provides conclusory allegations of Defendant's willful violation of the [*12] FCRA. "[S]ince Plaintiff has only alleged conclusory allegations for his claims of willful misconduct, his claims for statutory and punitive damages pursuant to *15 U.S.C. § 1681n* are not cognizable." *Chavez, 2011 U.S. Dist. LEXIS 129251, 2011 WL 5417107, at *4* (citing *Ruffin-Thompkins, 422 F.3d at 610*). [2]

2 The Court recognizes that the FCRA also allows a plaintiff to sue for negligent violations of the statute; however, relief for negligent conduct is provided only if the plaintiff can show actual damages. *15 U.S.C. § 1681o*. Here, Plaintiff fails to allege any claim for actual damages and thus cannot meet the pleading standard for a negligent violation of the FCRA.

**D. Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading**

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Plaintiff will be given an opportunity to amend the deficiencies of the complaint. If Plaintiff chooses to file a First Amended Complaint, it should contain not only additional factual information as outlined above, but an explanation on how the facts are a violation of the laws which serve as the basis of his claims.

Plaintiff is advised that *Local Rule 220* [*13] requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)*. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

**IV. CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and

2. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated: April 20, 2012**

**/s/ Sheila K. Oberto**

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1-2




**REGINA BOSTON, Plaintiff, vs. CLIENT SERVICES OF MISSOURI, INC., Defendant.**

**3:13CV184**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION**

***2013 U.S. Dist. LEXIS 157688***

**November 1, 2013, Decided**
**November 1, 2013, Filed**

**PRIOR HISTORY:** *Boston v. Client Servs. of Mo., Inc., 2013 U.S. Dist. LEXIS 113283 (W.D.N.C., Aug. 12, 2013)*

**COUNSEL:** [*1] Regina Boston, Plaintiff, Pro se, Charlotte, NC.

For Client Services of Missouri, Inc., Defendant: Caren D. Enloe, LEAD ATTORNEY, Morris Manning & Martin, LLP, Research Triangle Park, NC.

**JUDGES:** Graham C. Mullen, United States District Judge.

**OPINION BY:** Graham C. Mullen

**OPINION**

**ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. No. 13) pursuant to *Rule 12(b)(6)*. This case is one of at least nine *pro se* actions that Plaintiff has filed in this District in which she has sued various entities, alleging that the entities violated the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.*, ("FCRA") by obtaining Plaintiff's consumer credit report without a permissible purpose. Plaintiff has responded to Defendant's motion and Defendant has opted not to file a Reply.

In her Complaint, Plaintiff asserts conclusory and vague allegations that Defendant willfully violated the FCRA by pulling her credit report without a permissible purpose. Specifically, Plaintiff alleges that "[p]laintiff has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant [*2] . . . ." (Compl. ¶ 18). Plaintiff goes on to allege that "[t]he actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, *15 U.S.C. § 1681b* . . . ." (*Id.* ¶ 25).

To survive a motion to dismiss, the plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545-47, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*; *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994)*. The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)*.

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive [*3] a motion to dismiss. *Garrett v. Elko, 1997 U.S. App. LEXIS 21271, 1997 WL 457667, at *1 (4th Cir. 1997)* (per curiam) (referencing *Gordon, 574 F.2d at 1149-51*). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon, 574 F.2d at 1151*. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still present more than a "formulaic recitation of the elements

of a cause of action." *Twombly, 550 U.S. at 555* (internal citations omitted). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)*. In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

The Fair Credit Reporting Act ("FCRA") imposes civil liability for improper use and dissemination of credit information by a consumer reporting agency or user of reported information who willfully or negligently violates the Act. *Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985)*. Such liability may be imposed on users of information [*4] that obtain credit reports of consumers for purposes not specified in *§ 1681b*. *Hinkle v. CBE Grp., 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468 (S.D. Ga. 2012)*.

*Section 1681b(f)* of the Fair Credit reporting Act states:

> A person shall not use or obtain a consumer report for any purpose unless --
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.
>
> *15 U.S.C. § 1681b(f)*.

*Section 1681(a)* provides the circumstances under which "any consumer reporting agency may furnish a consumer report." These circumstances include furnishing a report to a person who the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *15 U.S.C. § 1681b(a)(3)(A)*. Other permissible purposes include: in response to a court order; pursuant to written instructions by the consumer; for employment [*5] purposes; for underwriting of insurance; for eligibility for a license; for assessment of risk for an existing credit; in relation to legitimate business needs of the consumer; to review an account or to determine if the consumer meets the terms of the account; for issuance of government sponsored charge cards; in relation to child support enforcement; to an agency administering a State plan under *42 U.S.C. § 654*; and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent. *15 U.S.C. § 1681b(a)(1)-(6)*.

Here, Plaintiff alleges that Defendant violated the FCRA by obtaining her credit report without a permissible purpose. Plaintiff contends that she "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant . . . ." (Compl. ¶ 18). Plaintiff contends that she is entitled to statutory damages, attorney's fees and costs, pursuant to *15 U.S.C. § 1681n*. (*Id.* ¶ 29). Plaintiff's allegations fail to establish that Defendant's conduct was impermissible under the FCRA.

The Court takes judicial notice [*6] that it is a matter of public record that the Defendant is in the business of credit services and debt collection. A debt collector is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt. *See 15 U.S.C. § 1681b(a)(3)(A)*; *Korotki v. Attorney Servs. Corp. Inc., 931 F. Supp 1269, 1276 (D. Md. 1996)*; *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468*; *see also Chavez v. Premier Bankcard, LLC, 2011 U.S. Dist. LEXIS 129251, 2011 WL 5417107 (E.D. Cal. 2011)*; *Pyle v. First Nat'l Collection Bureau, 2012 U.S. Dist. LEXIS 56737, 2012 WL 1413970 (E.D. Cal 2012)*. Plaintiff's allegation that "[she] has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant" fails to establish that Defendant's activities were impermissible. Plaintiff need not have had direct contact with Defendant in order for Defendant to lawfully obtain a copy of a consumer report. *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *3*. Provided that Defendant obtained Plaintiff's consumer report "in conjunction with its collection activities," Defendant acted with a permissible purpose under the FCRA. *Id.*; *see also 15 U.S.C. § 1681b(a)(3)(A)*. [*7] Indeed, even where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA. *Beckstrom v. Direct Merchant's Credit Card Bank, 2005 U.S. Dist. LEXIS 16071, 2005 WL 1869107, *3 (D. Minn. 2005)*; *Shah v. Collecto, Inc., 2005 U.S. Dist. LEXIS 19938, 2005 WL 2216242 (D. Md. 2005)*.

Plaintiff has failed to establish that Defendant is not, in fact, a collection agency or that she did not owe any debt that Defendant was seeking to collect on behalf of some other entity. *See Pyle, 2012 U.S. Dist. LEXIS 56737, 2012 WL 1413970* (concluding, based on Defendant's name, that Defendant was a collection agency

and dismissed Plaintiff's Complaint alleging a violation of the FCRA based on conclusory allegations). Therefore, Defendant, as a collection agency, appears to have acted with a permissible purpose under the FCRA.

Next, even assuming Defendant was not permitted under the FCRA to obtain Plaintiff's consumer report, Plaintiff's complaint includes only conclusory statements that Defendant violated the FCRA by obtaining Plaintiff's consumer report without a permissible purpose. Plaintiff states that Defendant obtained her consumer report and makes the leap that, because she did not have any business dealings with the Defendant, this was [*8] in violation of the FCRA. Plaintiff alleges no facts supporting her assertion that Defendant's violation was "willful." "Put plainly, the factual matter offered by Plaintiff in her amended complaint, establishes nothing beyond speculation as the 'mere possibility' of a violation of the FCRA, without presenting 'enough facts to raise a reasonable expectation that discovery will reveal' unlawful conduct." *Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *9* (quoting *Twombly, 550 U.S. at 556*). Plaintiff has not provided a sufficient factual basis to support her claim and her conclusory statements do not contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Hinkle, 2012 U.S. Dist. LEXIS 26545, 2012 WL 681468, at *3* (recommending dismissal on initial review due to the plaintiff's failure to provide "specific factual allegations . . . or set forth necessary details concerning how actions undertaken by [the defendant] may have violated the FCRA"); *Pyle, 2012 U.S. Dist. LEXIS 56737, 2012 WL 1413970* (dismissing complaint alleging violation of FCRA on initial review for failure to state a claim for relief). In sum, Plaintiff's "unadorned, conclusory facts are not sufficient to survive Defendant's motion." *Nowlin v. Avis Budget Corp., 2011 U.S. Dist. LEXIS 152163, 2011 WL 7087109 (M.D.N.C. 2011),* [*9] *adopted 2012 U.S. Dist. LEXIS 7818, 2012 WL 204162 (M.D.N.C. 2012)* (dismissing complaint alleging willful and negligent non-compliance with *15 U.S.C. § 1681(f)* based on allegation that defendant initiated pull of credit report without permissible purpose because such conclusory facts failed to state a claim for relief). The Court concludes that Plaintiff has failed to state a claim under the FCRA.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss pursuant to *Rule 12(b)(6)* is hereby GRANTED.

Signed: November 1, 2013

/s/ Graham C. Mullen

Graham C. Mullen

United States District Judge