IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.5:14-CV-177-FL

| | |
|---|---|
| GUSTAVO ROMANELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAPITAL ONE BANK (USA), N.A., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 13). The issues raised have been fully briefed and are ripe for ruling. For the reasons set forth more specifically herein, the court grants defendant's motion to dismiss.

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this case by complaint filed March 26, 2014. (DE 4). In his complaint, plaintiff alleges that defendant, a bank with which plaintiff previously held a line of credit, violated section 1681b(f) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by obtaining plaintiff's consumer report without proper purpose. Compl. ¶¶ 15, 23. Plaintiff alleges defendant's acts were either willful ("Count I") or negligent ("Count II") violations of the FCRA. Compl. ¶¶ 19, 23

In 2009, plaintiff filed for bankruptcy. Compl. ¶8; see also *In re* Romanello, No. 09-03628-8-ATS (Bankr. E.D.N.C. 2009). During the bankruptcy proceeding, plaintiff voluntarily "cut" all his credit cards. Compl. ¶8. In addition, Plaintiff suggests that he closed a line of credit he held

with defendant. Compl. ¶¶ 8-9. Since plaintiff's bankruptcy, plaintiff has had no business relationship with defendant. Compl. ¶¶ 7-8.

Since 2009, plaintiff yearly requests a copy of his credit report, a consumer report as defined by 15 U.S.C. § 1681a, from the three major credit reporting agencies: Equifax, Experian, and TransUnion. Compl ¶ 6. In 2012, plaintiff first requested a copy of his credit history from Experian. Plaintiff reviewed his consumer report, found what he believed to be erroneously included credit inquiries, and requested Experian reinvestigate his credit. Id. Experian reexamined plaintiff's credit history and provided him with a reinvestigation report, dated March 16, 2012 (the "March 2012 report"). Compl. ¶ 6 & ex. A. The March 2012 report indicated that three entries in plaintiff's credit history had been deleted. Compl. ex. A. One of the deleted entries noted in the March 2012 report was a credit inquiry by defendant. It is undisputed in this case that such inquiry was a request for a consumer report, which under 15 U.S.C. § 1681b may properly be made only for a limited number of reasons.

Thereafter, plaintiff requested copies of his credit history from Equifax and TransUnion. Compl ¶ 7. In comparing those reports, plaintiff found more credit inquiries by defendant, which he believed were impermissible requests for his consumer report. Id. Plaintiff alleges defendant impermissibly requested his consumer report on five different occasions in 2011: February 2, May 12, May 24, June 8, and June 9. Compl. ¶¶ 11-13. Plaintiff alleges that these five inquiries caused him damages in the form of a lowered credit score. Compl. ¶ 10.

On May 26, 2014, defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE 14) Defendant advances four arguments in support of its motion. First, defendant argues that plaintiff has not pleaded sufficient facts to demonstrate a lack of permissible purpose.

(DE 14, at 3-4). Second, defendant argues that plaintiff has not pleaded sufficient facts to plausibly state defendant acted either willfully or negligently in obtaining plaintiff's consumer report. (Id. at 5). Third, defendant argues that plaintiff failed to make an inquiry reasonable under the circumstances before filing his complaint. (Id. at 6-7). Finally, defendant argues that plaintiff has failed to plead actual damages in support of Count II, a negligent violation of the FCRA. (Id. at 7-8).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes

3

these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

Plaintiff's response to defendant's motion to dismiss urges the court to take into consideration his *pro se* status in evaluating the complaint. (DE 16, at 2). "Document[s] filed *pro se* are to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007). Even so, the court is under no obligation to accept a *pro se* plaintiff's factually unsupported allegations as true. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). The court's duty to liberally construe *pro se* complaints does not "transform the court into an advocate." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Thus, despite the latitude afforded *pro se* complaints, such complaints must still plead sufficient facts to allow the court to ascertain a plausible basis for the claim.

B.   Analysis

Plaintiff alleges that defendant violated the FCRA by requesting his consumer report when it lacked a permissible purpose to do so. In pertinent part, the FCRA provides:

> A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Consumer reports may be furnished, as relevant here, when the party requesting the report:

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and

4

involving the extension of credit to, or review or collection of an account of, the consumer; or

. . .

(F) otherwise has a legitimate business need for the information -
   (i) in connection with a business transaction that is initiated by the consumer; or
   (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3); see also § 1681b(f). Thus, compliance with the FCRA is largely dependent on what the requesting party intends to do with the information requested.

The FCRA creates civil liability for any party who willfully or negligently "fails to comply with any requirement imposed under [the FCRA] with respect to any consumer." 15 U.S.C. §§ 1681n-1681o; see also Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 500 (4th Cir. 2007) ("The FCRA provides a private cause of action for those damaged by violations of the statute.").[1] Civil liability extends to requests for consumer reports undertaken without a permissible purpose. See § 1681b.

The Fourth Circuit has not addressed the elements that must be pleaded to state a specific claim for requesting a consumer report without a permissible purpose. However, courts in this circuit have required the following elements: 1) the existence of a consumer report; 2) used or obtained by the defendant; 3) without a permissible statutory purpose; and 4) done with the specified culpable mental state. See Benzing v. Tharrington-Smith, LLP, No. 5:10-CV-533-F, 2012 WL 169946, at * 3 (E.D.N.C. Jan. 19, 2012) (citing Shepherd-Salgado v. Tyndall Fed. Credit Union, No. 11-0427-WS-B, 2011 WL 54101993, at *3 (S.D. Ala. Nov. 7, 2011)); see also King

---

[1] Section 1681n also contains language creating civil liability for a "knowing" violation only. 15 U.S.C. § 1681n(b). However, plaintiff does not allege a knowing violation of the FCRA, only willful and negligent violation.

5

v. Equable Ascent Fin., LLC, No. 1:12-CV-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013).

As noted above, the "specified culpable mental state" may be satisfied by a willful, knowing, or negligent request. 15 U.S.C. §§ 1681n, 1681o; see also Capetta v. GC Servs. Ltd. Partnership, 654 F. Supp. 2d 453, 461 (E.D. Va. 2009) (stating that a plaintiff may state a claim under the FCRA if he alleges the defendant either willfully or negligently obtained his consumer report). When the violation is negligent, the plaintiff must also include facts from which the court can infer actual damages.[2] 15 U.S.C. § 1681o; see also Sloane, 510 F.3d 495, 500 (4th Cir. 2007) ("The FCRA provides a private cause of action for those damaged by violations of the statute); Wu v. Trans Union, Civil Action No. AW-03-1290, 2006 WL 4729755, at *10 (D. Md. May 2, 2006).

At issue on defendant's motion to dismiss are the third and fourth elements of plaintiff's claim: whether defendant lacked permissible purpose for requesting plaintiff's consumer report, and whether defendant had a willful or negligent mental state. The court will address each of these arguments in turn.

1. Permissible Purpose

The complaint contains no facts to suggest that defendant did not have a permissible purpose for obtaining plaintiff's consumer report. Defendant argues that plaintiff's complaint contains "formulaic allegations [that] provide no basis for concluding" it lacked a permissible purpose. (DE 14, at 4 (internal quotations omitted)). Plaintiff bears the burden of pleading facts sufficient to allow the court to infer more than the possibility of misconduct. Nemet Chevrolet, 591

---

[2] A plaintiff may recover statutory damages of not less than $100 and no more than $1000 for violations that are willful or knowing. 15 U.S.C. § 1681n.

F.3d at 256.

Plaintiff suggests that defendant had no permissible purpose because plaintiff had no business with the defendant since his 2009 bankruptcy. Standing alone, this assertion is insufficient to save the complaint. It is "not necessary that a plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report." Gibbons v. GC Servs. LLC, No. 5:13-CV-84-BO, 2013 WL 5371620, at * 2 (E.D.N.C. Sept. 24, 2013). The statute includes several permissible purposes that clearly do not require an active or ongoing business relationship. For instance, debt collection is a permissible purpose for obtaining a consumer report. 15 U.S.C. § 1681b(a)(3)(A); see, e.g., Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011); Boston v. Client Servs. of Mo., Inc., No. 3:13CV184, 2013 WL 5925902, at *2 (W.D.N.C. Nov.1 2013); Gibbons, 2013 WL 5371620, at *2.

It is not necessary that the consumer have a current line of credit, or business relationship, with the defendant. It is sufficient that the consumer have had one in the past. In such cases, for example, it is permissible to obtain a consumer report to gauge the likelihood of repayment of an outstanding debt. Huertas, 641 F.3d at 34; Boston, 2013 WL 5925902, at *2; Gibbons, 2013 WL 5371620, at *2. In light of plaintiff's prior credit relationship with defendant, the facts alleged do not support an inference that defendant requested the consumer report for an impermissible purpose. Plaintiff's complaint suggests instead, absent other alleged facts suggesting improper purpose, that defendant was investigating the likelihood of repayment of a debt affected by plaintiff's 2009 bankruptcy.

Plaintiff attempts provide additional allegations regarding his post-2009 relationship with defendant in brief opposing defendant's motion to dismiss. Specifically, plaintiff argues that he

never received an offer of credit, that he had no current accounts with defendant, and that his 2009 bankruptcy discharged his debt held by defendant. (DE 16, at 3). "However, a plaintiff may not amend complaint through argument in briefing." Kelly v. United States, No. 7:10-CV-172-FL, 2014 WL 4098943, at *6 (E.D.N.C. Aug. 18, 2014) (citing Bratcher v. Pharm. Prod. Dev. Inc., 545 F. Supp. 2d 533, 542 (E.D.N.C. 2008)). Thus, the court will not consider these allegations. Therefore, the complaint must be dismissed because plaintiff has failed to allege facts from which the court can infer defendant acted without a permissible purpose.

    2.    Defendant's Mental State

Moreover, plaintiff's complaint does not plausibly state facts from which the court could infer that defendant acted with the requisite mental state. In Count I, plaintiff alleges that defendant willfully violated the FCRA by requesting his consumer report without a proper purpose. To state a claim for a willful violation plaintiff must allege sufficient facts so that the court can infer defendant "knowingly and intentionally committed [the violation]. . . in conscious disregard for [his] rights." Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 418 (4th Cir. 2001) (internal quotations and citations omitted). Here, Count I contains no facts from which the inference of willfulness may be drawn. Instead, the complaint contains only a one-sentence legal conclusion alleging defendant "willfully violated 15 U.S.C. sec. 1681b(f) by obtaining Plaintiff's consumer reports without a permissible purpose." This is insufficient as a matter of law to demonstrate that defendant knowingly and intentionally violated plaintiff's rights. See id.

Similarly, Count II alleges that defendant negligently obtained plaintiff's consumer report without a permissible purpose. However, plaintiff again fails to supply any facts from which the court could infer negligence. Count II only contains a similar one-sentence legal conclusion

8

alleging defendant "negligently violated 15 U.S.C. sec. 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose." Thus Claim II similarly fails for lack of factual specificity.

Accordingly, because the complaint fails to supply facts from which the court could infer defendant acted either willfully or negligently, the complaint must be dismissed. In light of this conclusion, the court need not address defendant's arguments that plaintiff failed to make an inquiry reasonable under the circumstances or that plaintiff failed to allege any damages.

## CONCLUSION

For the reasons stated above defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is GRANTED. (DE 13). The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge